AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

STEPHEN FAIR
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 09-30400

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
 ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
 ☐ an offense for which the maximum sentence is life imprisonment or death.
 ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
 ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
 ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
 ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 21 year old male who has never been employed and who claims no assets. Although he stated that his mother and four siblings live together in the city of Detroit, he was unable to provide an address or telephone number for anyone in his family. He is supported by girlfriend, with whom he lives at 18523 Santa Rosa in Detroit, along with her six children. She is employed as a manager at a McDonald's restaurant.   (Continue on Page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 1, 2009 | S/ Mona K.Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

09-30400   USA V STEPHEN FAIR                                                              Page 2

Defendant is charged with being a felon in possession of a firearm and he is requesting bond. He has multiple criminal contacts with state authorities for conduct involving drugs, weapons, traffic offenses and stolen property. His criminal history includes no less than ten (10) outstanding warrants, nine (9) for failures to appear in court. Considering his young age, the number of failures to appear, violations of probation resulting in multiple warrants being issued, his ultimate discharge from probation without improvement on two occasions, and his repeated criminal convictions for carrying concealed weapons give this court great concern.

Specifically this court refers to the Pretrial Services Report dated 9/29/09 and incorporates it herein. Therein ten outstanding warrants are listed for a four month period from June 2009 until September 2009. Eight of those warrants were issued by the 36th District Court, and a criminal bench warrant was issued out of the 46th District Court in Southfield and one is issued from the 33rd District Court in Woodhaven, MI.

Defendant is known to use two aliases in addition to his given name: Terrell Demone Fair and Laron Wright. Additionally he uses two fabricated dates of birth: 4/17/85 and 8/25/89.

On 11/05/05 he was found guilty of carrying a concealed weapon and was sentenced to two years on probation. While on probation he three separate violation of probation warrants were issued. Defendant's term of probation was ultimately terminated without improvement.

On 8/26/06 Defendant plead nolo contendere to Felony Carrying a Concealed Weapon and he was sentenced to two years probation.

On 12/21/07 Defendant plead guilty to Felony Possession of Controlled Substance (Cocaine) Less than 25 grams and was sentenced to three months custody and 2 years probation. While on probation for this offense two separate warrants were issued for violation of probation. This defendant's probation was again terminated without improvement.

A warrant has been requested out of Southfield for Felony Stolen Property/Misdemeanor Traffic Offense (10/24/08).

Defendant has repeatedly violated the conditions of his state probation, was twice discharged without improvement, and has continued criminal activity while on probation. This offense involves weapons, and he has been sentenced for two weapons charges in the past. He has an inordinate number of warrants for failures to appear, and seems to have never been able to get through his probation periods without multiple violations.

Defendant argues that he should be able to go back to his girlfriend's house and live there with her as his third party custodian on a tether under home confinement while on bond. This court does not find that the woman with whom he has been living for the past few years while he has been engaging in the behaviors contained in his criminal history would be an appropriate third party custodian. Defendant's patterns of behavior and his lack of family and community ties do not give this court any confidence that he would or could abide by the court's orders or

conditions of bond.  This defendant has done nothing in his past which would give this court any reason to believe that he is a candidate for bond or that he could comply with conditions of bond.  Not only is he a danger to the community, but his outstanding warrant record combined with his criminal history and his history of violating state probation no less than five times render him a risk of flight.  There is no condition or combination of conditions that would assure the safety of the community or defendant's appearance in court.  Therefore Detention is Ordered.